UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE NEW YORK DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS WELFARE FUND, NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS VACATION FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,    07 Civ. 6197
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS         (BSJ)(KNF)
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS CHARITY FUND,
and THE NEW YORK CITY AND VICINITY CARPENTERS
LABOR MANAGEMENT COOPERATION FUND, by
MICHAEL J. FORDE, and PAUL O'BRIEN, as TRUSTEES,

                                        Plaintiffs,

     -against-

FINE & EXCELLENT WINDOW TREATMENT INSTALLATION
INC., A/K/A FINE & EXCELLENT ALL WINDOW TREATMENT
INSTILLATIONS INC.,

                                        Defendant.
------------------------------------------------------------------X

PLAINTIFFS' FINDINGS OF FACT AND CONCLUSIONS
OF LAW WITH RESPECT TO THE INQUEST ON DAMAGES

     Plaintiffs submit the following findings of fact in connection with the inquest on damages in the above-referenced matter:

     1.     Defendant, Fine & Excellent All Window Treatment Installation Inc., a/k/a Fine & Excellent All Window Treatment Instillations Inc., was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2001. Said Agreement provides, inter alia, that Defendant shall make monetary contributions to the Benefit Funds on the behalf of covered employees, and for the submission of disputes to final, binding arbitration. (See Complaint, ¶ 9)

2. A dispute arose during the period of the Agreement between the parties when Defendant failed to comply with its obligations under the Agreement to make contributions for employees in the bargaining unit. (See Complaint, ¶ 10)

3. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Roger Maher, the duly designated impartial arbitrator. (See Complaint, ¶ 11)

4. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated March 30, 2007, determining said dispute. Upon information and belief, a copy of the award was delivered to Defendant. (See Complaint, ¶ 12)

5. The arbitrator found that Defendant had failed to make contributions due to the Benefit Funds for the period June 25, 2005 through June 12, 2006, and awarded Plaintiffs $18,112.27. (See Complaint, ¶ 13)

6. The arbitrator also found that Defendant was required to pay interest on the amount due at the rate of 10% per annum from the date of the award. (See Complaint, ¶ 14)

7. Defendant failed to abide by the award and on July 3, 2007, Plaintiffs commenced an action to confirm the award.

8. Defendant never interposed an Answer to the complaint. (See Clerk's Certificate annexed as "Exhibit D" to Plaintiffs' Motion for Default Judgment dated August 22, 2007)

9. Plaintiffs filed a motion for default judgment on August 22, 2007. On September 6, 2007, by order of Hon. Barbara S. Jones this matter was referred to this Court for an inquest into damages after default.

10. Since the issuance of the arbitrator's award, Defendant has failed to make any payments. Plaintiffs submit the following conclusions of law should be entered by the Court in this matter:

11.     As a result of Defendant's default, all the allegations of the Complaint, except the amount of damages, must be taken as true. Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir. 1995); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158-59 (2d Cir. 1992); Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 69-70 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363 (1973); Wing v. East River Chinese Rest., 884 F. Supp. 663, 669 (E.D.N.Y. 1995); Deshmukh v. Cook, 630 F. Supp. 956, 959 (S.D.N.Y. 1986).

12.     Confirmation of a labor arbitration award under Section 301 of the Labor Management Relations Act ("LMRA"), 289 U.S.C. § 185 is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984). Federal Courts are extremely deferential in their review of awards issued by arbitrators acting within authority granted by a collective bargaining agreement. United Steel Workers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 596 (1960) ("The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements."); Int'l Chemical Workers Union Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 45 (2d Cir. 1985) ("[I]n cases in which the arbitrator acts within authority granted by contract, the courts must defer to the arbitrator's decision.") (citations omitted); In re Marine Pollution Service, Inc., T/A, 857 F.2d 91, 94 (2d Cir. 1988) ("An arbitrator's decision is entitled to substantial deference, and the arbitrator need only explicate his reasoning under the contract in terms that offer even a barely colorable justification for the outcome reached in order to withstand judicial scrutiny.") (internal quotations omitted).

13.     As such, the arbitrator's award must not be disturbed and Plaintiffs are therefore entitled to the full amount of the arbitrator's award of $18,112.27.

14. The arbitrator also found that Defendant was required to pay interest on the award amount due at the rate of ten percent (10%) per annum from the date of the award to date. (See Arbitrator's Award, pg. 4, annexed to Complaint as "Exhibit A")

15. For the reasons in ¶12 Plaintiffs are entitled to $1,032.15 in interest from the date of the award to date.

16. Plaintiffs are also entitled to $1,780.00 in attorneys' fees and costs ($1,720.00 in attorneys' fees and $60.00 in costs) they have incurred while pursuing this confirmation action. (See Affidavit of Services of Andrew GraBois, Esq, annexed as "Exhibit E" to Plaintiffs' Motion for Default Judgment dated August 22, 2007 and Supplemental Affidavit of Services of Andrew GraBois dated October 24, 2007 annexed hereto as "Exhibit A"). Attorneys' fees and costs are recoverable here for three reasons: (i) the Agreement specifically provides for attorneys' fees in an action to collect delinquent contributions (see Carina Int'l Shipping Corp. v. Adam Maritime Corp., 961 F.Supp. 559, 569 (S.D.N.Y. 1997) ); (ii) the courts have an inherent equitable power to award attorneys' fees. Int'l Chem. Workers Union, Local 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir., 1985); and (iii) Employee Retirement Income Security Act of 1974 ("ERISA") Section 502(g)(1) provides for the recovery of attorneys' fees and costs in an action for the collection of delinquent contributions.

17. It is well settled that attorneys' fees will be awarded to the prevailing party relating to the confirmation of the award where the underlying agreement provides for attorneys' fees. See, e.g., Page Intern. Ltd. v. Adam Maritime Corp., 53 F.Supp.2d 591 (S.D.N.Y. 1999). In this matter, the Agreement between Plaintiffs and Defendant clearly supports the conclusion that attorneys' fees and costs incurred in a confirmation proceeding are recoverable.

18. Article XV, Section 6(a)(4) of the Agreement states:

4

> "In the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s), in accordance with the judgment of the court… reasonable attorney's fees and costs of the action…"

Because the underlying Agreement in this action sets forth that attorneys' fees and costs are recoverable, Plaintiffs' as a matter of law, are entitled to attorneys' fees and costs incurred in confirming the arbitration award.

19.  Plaintiffs are also entitled to attorneys' fees grounded in equity. A court may, in the exercise of its inherent equitable powers, award attorneys fees when opposing counsel acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." F.D. Rich Co. v. United States ex rel. Industrial Lumber Co., 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974); see also, Int'l Chemical Workers Union Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985)(awarding attorneys' fees may be proper when party opposing arbitration award refuses to abide by an arbitrator's decision without justification"); New York City Dist. Council of Carpenters Pension Fund v. Eastern Millenium Const., Inc., 2003 WL 22773355, at *2 (S.D.N.Y. 2003)(same); Soft Drink and Brewery Workers Union, 1996 WL 420209 at *3 (finding bad faith and awarding attorneys' fees where defendant "failed to either pay the award or file a motion to vacate or modify"); Hunt v. Commodity Haulage Corp., 647 F.Supp. 797, 799 (E.D.N.Y. 1986)(awarding attorneys' fees where "party challenging such award, without justification, refuses to abide by the arbitrator's decision").

20.  The Court also has discretion to award attorneys' fees and costs incurred in the collection of these aforesaid contributions and in bringing this action for and on behalf of the Funds to Plaintiffs as the prevailing parties in this matter. 29 U.S.C. § 1132(g) (1). The factors relevant to an award of attorneys' fees include (1) the degree of the offending party's culpability or bad faith, (2) the

5

ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants. Chambless v. Masters, Mates & Pilots Pension Plan 815 F.2d 869, 871 (2d Cir. 1987); accord Krizek v. Cigna Group Ins., 345 F.3d 91, 102 (2d Cir. 2003).

21.   Defendant's failure to appear and offer any explanation for its conduct compels the conclusion that the first, third and fourth factors weigh in favor of an award of fees and that the second and fifth factors are at best neutral. Since the majority of factors weigh on favor of an award of fees, Plaintiffs should also be awarded attorneys' fees and costs in the confirmation of the arbitrator's award.

22.   Plaintiffs are entitled to judgment against Defendant for the total sum of $20,924.41 which encompasses:

   i.   the principal amount of $18,112.26, representing the amount awarded by the arbitrator on March 30, 2007;

   ii.  prejudgment interest of ten percent (10%) per annum from the date of said award to date in the amount of $1,032.15 as awarded by the arbitrator; and

   iii. attorneys' fees and costs arising out of this action to confirm the arbitrator's award in the amount of $1,780.00

Dated: New York, New York
       October 24, 2007

                                                   Yours, etc.,

                                                   O'DWYER & BERNSTIEN, LLP
                                                   Attorneys for Plaintiffs

                                              By:  _____
                                                   ANDREW GRABOIS (AG-3192)
                                                   52 Duane Street
                                                   New York, New York 10007
                                                   (212) 571-7100