```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL         :
OF CARPENTERS PENSION FUND, ET AL.,
                                           :
               Plaintiffs,
                                           :
       -against-                               REPORT AND RECOMMENDATION
                                           :
FINE & EXCELLENT ALL WINDOW                    07 Civ. 6197 (BSJ)(KNF)
TREATMENT INSTALLATION, INC., a/k/a
FINE & EXCELLENT ALL WINDOW                :
TREATMENT INSTILLATIONS, INC.,
                                           :
               Defendant.
                                           :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/08

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE BARBARA S. JONES, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

The plaintiffs brought this action against the defendant, Fine & Excellent All Window Treatment Installation Inc., a/k/a Fine & Excellent All Window Treatment Instillations, (sic) Inc. ("F&E" or "the defendant"), pursuant to section 301 of the Labor Management Relations Act ("LMRA"), in order to confirm and enforce an arbitrator's award, rendered pursuant to a collective bargaining agreement.

The defendant failed to appear in the action. The plaintiffs requested a judgment by default against the defendant, based upon the arbitration award, in the amount of $18,112.26, together with post-arbitration-award interest (accruing from the date of the award, at 10% per annum) and attorney fees and costs, in the amount of $1,780.00. Thereafter, your Honor referred the matter to the undersigned to conduct an inquest and to report and recommend the amount of damages, if any, to be awarded against the defendant.

The Court directed the plaintiffs to file and serve an inquest memorandum with proposed findings of fact and conclusions of law; setting forth their proof of damages, costs of the prosecution of this action, including legal fees, taxable costs, as well as pre- and post-judgment

1

Maher ("Maher"). F&E did not appear at the arbitration hearing, nor did it request an adjournment or enlargement of time to defend against the claims asserted by the Benefit Funds and their trustees. Maher issued an opinion on March 30, 2007, including a finding of liability against F&E, based, in part, upon its unexcused default.

Maher's findings were based upon "substantial and credible evidence," and included an adoption of the following facts: i) F&E was bound to the written Agreement between it and the Union; ii) the Agreement obligated F&E to make payments to the "Fringe Benefit Trust Funds" on behalf of all its carpenter employees; iii) the Agreement authorized the Benefit Funds to audit F&E's books and payroll records to verify that contributions were made to the Benefit Funds; iv) an audit was performed by an accountant employed by the Benefit Funds, with the consent of F&E; v) the audit discovered contribution delinquencies for the period from June 25, 2005, through June 12, 2006; vi) a copy of the audit report was provided to F&E; vii) the Benefit Funds demanded that F&E satisfy the contribution delinquencies; viii) the defendant failed to comply with the Benefit Funds' demand; ix) the auditor found the total amount of the delinquent contributions (plus interest, costs and fees) is $18,112.27; and x) the Benefit Funds sought an award for ERISA contribution delinquencies, plus 10% interest accruing from the date of the award, as well as costs, attorney and arbitrator fees, as permitted by the Agreement, to be imposed upon the defendant in the amount of $18,112.26 (sic).

Maher determined that F&E was "delinquent in Fringe Benefit monies due under its written agreement and is also obligated to pay delinquency assessment and interest on its delinquency, plus an attorney's fees . . . and the fee of the undersigned Arbitrator, and court costs all in accordance with the terms and provisions of the [Agreement] . . ." Maher awarded an aggregate amount of $18,112.26 to be paid by F&E to the Benefit Funds with interest to accrue from March 30, 2007, the date of the arbitration award, at the rate of 10% per annum. Maher itemized his award as follows:

```
Amount Owed to Welfare Fund................................................. $ 4,792.27
Amount Owed to Pension Fund................................................. $ 3,543.47
Amount Owed to Annuity Fund................................................. $   936.60
```

| | |
|---|---|
| Amount Owed to Vacation Fund............................................................. | $ 1,568.81 |
| Amount Owed to AJREI Fund................................................................. | $   241.96 |
| Amount Owed to School Fund................................................................. | $      0.00 |
| Amount Owed to Welfare Labor Management Fund.......................... | $     62.44 |
| Amount Owed to IBC Fund..................................................................... | $       7.81 |
| Amount Owed to Charity Fund .............................................................. | $     31.22 |
| Interest....................................................................................................... | $ 4,077.69 |
| Court Costs............................................................................................... | $   350.00 |
| Attorney's Fee........................................................................................... | $ 1,500.00 |
| Arbitrator's Fee......................................................................................... | $   500.00 |
| Audit Fee................................................................................................... | $   500.00 |
| Promo Fee................................................................................................. | $       0.00 |
| **TOTAL** | **$ 18, 112.27** |

### CONCLUSIONS OF LAW

A default in an action establishes a party's liability, "but is not a concession of damages." See Cappetta v. Lippman, 913 F. Supp. 302, 304 (S.D.N.Y. 1996) (citing Flaks v. Koegel, 504 F.2d 702, 707 [2d Cir. 1974]). The amount of damages must be established by the plaintiff(s) in a post-default inquest, "unless the amount is liquidated or susceptible of mathematical computation." Flaks, 504 F.2d at 707 (citations omitted). In conducting an inquest, a court need not hold a hearing "as long as it ensured that there was a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Services, Inc., 873 F.2d 38, 40 [2d Cir. 1989]). A "court may rely on detailed affidavits or documentary evidence" when evaluating the sum proposed for inclusion in the judgment. See Fustok, 873 F.2d at 40.

A defaulting defendant is deemed to have admitted every well-pleaded allegation of the complaint, except those relating to damages, and all "factual allegations are taken as true in light of the general default judgment . . . ." See Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993) (citations omitted). The plaintiffs are entitled to the benefit of all reasonable inferences derived from the evidence presented. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted).

*Confirmation of Arbitration Awards*

Congress provided federal courts with authority to confirm labor arbitration awards in section 301 of the LMRA. See Local 802, Assoc. Musicians of Greater New York v. Parker

4

Meridien Hotel, 145 F.3d 85, 88 (2d Cir. 1998) (citing 29 U.S.C. § 185). Typically, confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (citation and quotation omitted).

"The showing required to avoid summary confirmation is high[;] only 'clear evidence of impropriety' justifies denial of summary confirmation." Ottley v. Schwartzberg, 819 F.2d 373, 376 (2d Cir. 1987) (citations omitted). Unless an arbitration award is corrected, vacated or modified, a court "'must grant the award.'" See D.H. Blair, 462 F.3d at 110. Generally, courts may vacate a labor-relations-based arbitration award only when the award is procured through fraud or dishonesty on the part of an arbitrator(s). See United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38, 108 S. Ct. 364, 371 (1987). No evidence of any arbitrator impropriety exists in the record before the Court. Therefore, confirming the arbitrator's award is warranted.

*Post-Award Interest*

"Under federal law, a confirmed arbitration award . . . bears interest from the date of the award not from the date of the judgment confirming it." Moran v. Arcano, No. 89 Civ. 6717, 1990 WL 113121, at *3 (S.D.N.Y. July 27, 1990) (citation omitted). Maher's decision allowed for post-award interest to accrue from the date of the award, March 30, 2007, at the rate of 10% per annum, until the date of judgment.

Upon the confirmation of an arbitration award, the resulting judgment has the same effect as any judgment rendered by the court and is "'governed by statutory post-judgment interest rates.'" Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche Int'l, Ltd., 888 F.2d 260, 269 (2d Cir. 1989) (quoting Parsons & Whittemore Ala. Mach. & Servs. Corp. v. Yeargin Constr. Co., 744 F.2d 1482 (11th Cir. 1984). The award of post-judgment interest is established by federal statutory authority and its accrual is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the

Board of Governors of the Federal Reserve System, for the calendar week preceding [] the date of the judgment." 28 U.S.C. § 1961(a). A post-judgment interest award made pursuant to 28 U.S.C. § 1961 is "mandatory" and does "not permit [ ] the exercise of judicial discretion in its application." Carte Blanche (Singapore) Pte., Ltd., 888 F.2d at 269 (citations omitted). Therefore, the plaintiffs are entitled to post-award, pre-judgment interest at the rate fixed by Maher and post-judgment interest at the rate prescribed by statute.

*Attorney's Fees*

Generally, attorney's fees are not recoverable in an action, such as this, to confirm an arbitration award. See Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985) (citation omitted). However, a court, in the exercise of its inherent equitable powers, may award attorney's fees when a party to an arbitration has, without justification, refused to abide by an arbitrator's decision. See id. Since F&E has failed to comply with the decision of the arbitrator, without justification, and has failed to appear in this action, without justification, the plaintiffs are entitled to recover their reasonable attorney's fees and costs, as set forth in the arbitrator's award.

In this circuit, a party's application for attorney fees must be supported by detailed contemporaneous time records which specify "the date, the hours expended, and the nature of the work done," for each attorney. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). Counsel who represented the plaintiffs in this action submitted two affidavits, which detail the fees and costs the plaintiffs incurred in prosecuting this action. See Andrew Grabois, Esq. Affidavit, dated August 22, 2007 (Docket Entry No. 6), and Andrew Grabois, Esq. Supplemental Affidavit, dated October 24, 2007 (Docket Entry No. 8). Although these affidavits identify the individuals who performed legal services for the plaintiffs, in connection with this matter, and set forth the hours they worked, the tasks they performed, and the relevant dates on which the services were provided, the affidavits lack contemporaneous time records, as contemplated by Carey. In a circumstance such as this, a court is warranted in denying an application for attorney's fees incurred by a plaintiff seeking to confirm an arbitration

award that allowed fees and costs incurred during the arbitration process. The Court, however, does find that it is reasonable and appropriate for the plaintiffs to recover $60.00, the cost they incurred for serving process in this action.

## RECOMMENDATION

For the reasons set forth above, the Court recommends that: (i) the arbitrator's award of $18,112.27[1] be confirmed; ii) post-award interest be awarded, at the rate of 10% per annum, accruing from the date of the arbitration award, March 30, 2007, to the date of judgment, as calculated by the Clerk of Court; iii) post-judgment interest be awarded, as calculated by the Clerk of Court in accordance with 28 U.S.C. § 1961; and iv) costs incurred in connection with this action be awarded, in the amount of $60.00.

\* \* \*

The plaintiffs shall serve the defendant with a copy of this Report and Recommendation and submit proof of service to the court.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Barbara S. Jones, 500 Pearl Street, Room 620, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Jones. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 470

---

[1] The text of the arbitrator's award indicates that $18,112.26 should be paid to the Benefit Funds. However, the itemized award, when totaled, yields $18,112.27. The Court finds that justice will be promoted by correcting the arithmetic error of the arbitrator and confirming an award of $18,112.27. See Hall Street Assoc. L.L.C. v. Mattel, Inc., ___ U.S. ___, 128 S. Ct. 1396, 1402 (2008).

(1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  
      June 20, 2008

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*

KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Sent copy via facsimile to:

Andrew Grabois, Esq.